COMMERCIAL & FARMERS' BANK (LOWRY v.). See Case No. 8,581.

# Case No. 3,056.
## COMMERCIAL & FARMERS' BANK v. PATTERSON.
### [2 Cranch, C. C. 346.][1]
Circuit Court, District of Columbia. Oct. Term, 1822.

PROOF OF STATE STATUTES — ACTION ON PROMISSORY NOTE—EVIDENCE—MATERIAL ALTERATION.

1. The statute book of one of the states, purporting to be published by authority of its legislature, and deposited in the department of state of the United States under an act of congress requiring the secretary of state to obtain copies of the laws of the several states, is admissible evidence of the laws of such states, in the courts of the District of Columbia; and it is not necessary that such statute book should be authenticated according to the provisions of the act of congress of the 26th of May, 1790 [1 Stat. 122].

2. According to the laws of Pennsylvania the equity follows a promissory note into the hands of an indorsee, unless dated at Philadelphia and made payable "without defalcation."

3. The words, "without defalcation," do not prevent the maker of a Pennsylvania note from showing fraud in the payee in obtaining the note.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

4. In an action by the indorsee against the maker of a promissory note, the declarations of the payee, before he parted with the note, are competent evidence for the defendant; and the defendant having proved the declaration made after the date of the note and before the suit brought, the burden of proof is on the plaintiff to show that the payee had passed away the note before the declarations were made. The addition, by the plaintiffs or the payee, of the word and letters, "Washington, D. C.," to the signature of the maker, without his consent, and with the intent to use that word and those letters as a part of the date of the note, which was really made in Perryopolis, in Pennsylvania, with intent to make it negotiable according to the laws then in force in the District of Columbia, is a material alteration of the note, and makes it void.

At law. Assumpsit by [the Commercial & Farmers' Bank of Baltimore] the indorsee of the defendant's promissory note to Barnett and Cammann for $1,000, dated November 16, 1818, payable on the 1st of June, 1819, "without defalcation." Under the signature of the defendant [Thomas Patterson], the word and letters, "Washington, D. C.," were written apparently by another person. The note was really made by the defendant in Perryopolis, in Pennsylvania, and was given for part of the purchase money of a share in a certain company called "The Perryopolis Green Glass Company," under a written agreement bearing even date with the note. Upon the general issue the defendant's counsel contended for two grounds of defence: 1. That the note was given for a share in certain glassworks, upon a false and fraudulent representation by the payees of the note of the value of the profits and effects of the company. 2. That the word "Washington," and the letters "D. C.," had, without the consent of the defendant, been added to his signature, with a view to make the note negotiable according to the laws in force in the District of Columbia where the defendant resided, so as to deprive him of the benefit of his defence on the ground of fraud.

Mr. Taylor and Mr. Marbury, for plaintiffs, objected to the admission of evidence of fraud or want of consideration because the note was passed to the plaintiffs before it was dishonored, and because it has the words, "without defalcation."

Mr. Key, for defendant. The words, "without defalcation," mean no more than "without offset." By the statute of Pennsylvania, where this note was made, the equity follows the note into the hands of the indorsee, unless the note is dated in Philadelphia, and made payable "without defalcation." Cromwell v. Arrott, 1 Serg. & R. 180.

Mr. Marbury, for plaintiff, objected to the statute book of Pennsylvania, as evidence of the law of that state. Foreign laws must be proved as facts. Church v. Hubbart, 2 Cranch [6 U. S.] 187. The acts of the legislatures of the several states must be authenticated in the manner provided for by the act of congress of the 26th of May, 1790 (1 Stat. 122).

Mr. Key. The statute book which is offered in evidence is Smith's edition of the Laws of Pennsylvania, purporting to be published by authority of the legislature of that state, and deposited in the department of state of the United States, under the act of congress requiring the secretary of state to obtain copies of the laws of the several states, accompanied by the testimony of Mr. Clarke, a lawyer of Pennsylvania, that that edition of the laws was admitted as authentic in the courts of Pennsylvania.

THE COURT (nem. con.) permitted the law to be read to the jury from the statute book.

THE COURT, also (nem. con., but MORSELL, Circuit Judge, hesitating), was of opinion that by the law of Pennsylvania the equity followed the note into the hands of the indorsee, and therefore admitted evidence, on the part of the defendant, tending to show a false and fraudulent representation as to the subject-matter of the contract under which the note was given. Among other evidence, the defendant offered to prove the declarations of Barnett, one of the payees of the note.

Mr. Taylor, for plaintiff, objected to those declarations as evidence: 1st. Because Barnett himself might be examined as a witness; and 2d. Because it does not appear that Barnett was the holder of the note at the time of the supposed declarations, which fact the defendant ought to prove before the declarations could be given in evidence.

But THE COURT (MORSELL, Circuit Judge, doubting) said that the burden of proof was on the plaintiff to show that the note was passed away by Barnett before he made the declarations; the defendant having proved that they were made after date of the note and before suit brought by the plaintiffs. And that, as Barnett could not be compelled to testify, on account of his interest, his declarations might be given in evidence.

And THE COURT (nem. con.), at the prayer of Mr. Key, for the defendant, instructed the jury, that if they should believe from the evidence that the note was written and delivered at Perryopolis in Pennsylvania, and that, since the delivery thereof, the payees, or some person acting for them, or holding the same by assignment under them, added the word and letters, "Washington, D. C.," now appearing on the said note, with the intention of using the said words as a part of the date of the said note for the purpose of making the same negotiable according to the laws in force in the District of Columbia, then such insertion of that word and those letters amounts to an alteration of the said note in a material part thereof, and makes the said note void, and the plaintiff cannot recover upon it.

Verdict for defendant. The plaintiffs took bills of exception, but did not sue out a writ of error.